UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24884-CV-MARTINEZ
(CASE NO. 12-20728-CR-MARTINEZ)
MAGISTRATE JUDGE REID

JOSE FRANCISCIO NOESI,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### **I. Introduction**

This matter is before the Court on Movant's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 [ECF No. 1][1] and Memorandum [ECF No. 3], attacking the constitutionality of his sentence for revocation of supervised release in **Case No. 12-20728-CR-MARTINEZ**. This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Movant asserts that this § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3). [ECF No. 1 at 5, 10]. However, in response to the Undersigned's Limited Order to Show Cause [ECF No. 6], Respondent argues that Movant's case should be dismissed because it was not timely brought within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 19-24884-CV-MARTINEZ. Citations to [CR-ECF] refer to docket entries in the underlying criminal case, Case No. 12-20728-CR-MARTINEZ. Citations to [CR1-ECF] refer to docket entries in criminal Case No. 17-20217-CR-MORENO.

Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f), and more specifically that § 2255(f)(3) does not extend the limitations period. [ECF No. 7 at 3-5]. Movant filed a Reply[2] [ECF No. 8] and a Request to Supplement [ECF No. 12] and reasserts that his Motion is timely pursuant to 28 U.S.C. § 2255(f)(3).

Accordingly, upon review of the entire record in this case, including Movant's § 2255 Motion [ECF No. 1], Memorandum [ECF No. 3], Reply [ECF No. 8], and Request to Supplement [ECF No. 12], as well as the Government's Response [ECF No. 7], and all relevant records from the underlying criminal case, the Undersigned **RECOMMENDS** that the Motion [ECF No. 1] be **DISMISSED** as untimely.

## II. Background

Movant pleaded guilty to (Count One)—conspiracy to possess with intent to distribute marijuana under 18 U.S.C. § 846. [CR-ECF No. 33]. On April 16, 2013, Movant was sentenced to fifty-one months' imprisonment, followed by a term of two years' supervised release. [CR-ECF No. 42]. Judgment was entered the same day. [CR-ECF No. 43].

The Government later filed a motion to reduce Movant's sentence pursuant to Fed. R. Crim. P. 35. [CR-ECF No. 46]. On March 18, 2014, the Government's motion was granted, and the Court amended Movant's sentence to thirty-four months' imprisonment, followed by a two-year supervised release term. [CR-ECF Nos. 47, 48].

On February 24, 2017, Movant filed a motion for early termination of Supervised Release. [CR-ECF No. 50]. A supplemental motion was filed on March 2, 2017, indicating that the Government was not opposed to the motion. [CR-ECF No. 51]. On March 9, 2017, the

---

[2] This filing is titled "Movant's Response to the Government's Response." [ECF No. 8].

Government filed a response in opposition to the motion, stating that its position had changed due to Movant's arrest after he delivered three kilograms of cocaine to a confidential source and a subsequent search of Movant's residence uncovered two more kilograms. [CR-ECF No. 52]. The motion for early termination was denied by the Court and revocation proceedings commenced. [CR-ECF Nos. 53, 56].

On June 14, 2017, a final hearing for revocation of supervised release was held and Movant admitted to the violation in the Petition for Warrant for Offender Under Supervision. [CR-ECF No. 64]. The Court revoked Movant's supervised release and sentenced him to eighteen months' imprisonment to be served consecutively to the new case that was the subject of the violation, Case No. 17-20217-CR-MORENO. [CR-ECF No. 64]. On June 15, 2017, the Court entered "Judgment and Commitment upon Revocation of Offender under Supervision." [CR-ECF No. 65]. Movant was advised of his right to appeal the sentence but, by his own admission, did not do so. [CR-ECF No. 64]; [ECF No. 1 at 1].

Movant filed the instant § 2255 Motion on November 26, 2019,[3] claiming that his revocation sentence of eighteen months violates *United States v. Haymond*, 139 S. Ct. 2369 (2019), *Apprendi v. New Jersey*, 536 U.S. 466 (2000), *Molina v. Martinez*, 136 S. Ct. 1338 (2016), *Alleyne v. United States*, 570 U.S. 99 (2013), and *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020). [ECF Nos. 3 at 2, 12 at 1-2].

### III. Legal Analysis

1) <u>Statute of Limitations</u>

---

[3] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

Pursuant to 28 U.S.C. § 2255(f), the one-year limitation period "shall run from the latest of –

> (1) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (2) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (3) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

   *a) § 2255(f)(1)*

As noted above, the district court entered Movant's Judgment and conviction upon revocation of offender under supervision on June 15, 2017. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the Judgment became final fourteen days later on **June 29, 2017**.[4] *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *see also Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, Movant filed this Motion on **November 26**, **2019** more than **two years** after the one-year limitation period expired under 28 U.S.C. § 2255(f)(1). Therefore, this Motion is untimely under § 2255(f)(1).

   *b) § 2255(f)(2)*

---

[4] Respondent assert that Movant's judgment became final on June 28, 2017, fourteen days after the proceeding for revocation of supervised release, which was held on June 14, 2017. However, Movant's judgment was entered on June 15, 2017. Nevertheless, Movant's motion is untimely under § 2255(f)(1).

Movant does not argue nor does the record support a finding that he is entitled to statutory tolling under § 2255(f)(2).

   c) *§ 2255(f)(3)*

Section 2255(f)(3) provides that the one-year limitation period "shall run from the latest of – the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The only cases cited by Movant, decided within the one year preceding the filing of this § 2255 Motion, are *Haymond* and *Holguin-Hernandez*.

As to *Haymond*, while the Eleventh Circuit has not yet addressed whether *Haymond* is retroactive under § 2255(f)(3), the Tenth Circuit has stated that "a reasonable jurist could not debate the conclusion that *Haymond* is not retroactive and does not satisfy section 2255(f)(3)." *United States v. Salazar*, 784 F. App'x 579, 584 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1232 (2020). Further, the Eleventh Circuit has determined that the Supreme Court in *Haymond*, did not announce a new rule of constitutional law retroactive to cases on collateral review under § 2255(h)(2). *See In re Taylor*, No. 20-12330-H, 2020 U.S. App. LEXIS 20942, at *3 (11th Cir. July 6, 2020).

Nevertheless, *Haymond* does not apply to Movant's case. On June 26, 2019, the Supreme Court in *Haymond* considered the constitutionality of 18 U.S.C. § 3583(k), and its imposition of a five-year mandatory minimum on certain sex offenders who violate their supervised release by committing another enumerated federal sex crime. *See Haymond*, 139 S. Ct. at 2379. The *Haymond* Court held that, to the extent that § 3583(k) allows sentencing courts to impose the mandatory minimum sentence without the benefit of a jury finding beyond a reasonable doubt that the defendant on supervised release committed the listed criminal offense, the statute violates

5

the defendant's Fifth and Sixth Amendment rights. *Haymond*, 139 S. Ct. at 2379-80, 2385; *see also Carpenter v. United States*, No. 19-23503-CV-ALTONAGA, 2019 U.S. Dist. LEXIS 160038, at *3 (S.D. Fla. Sept. 17, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 177278 (S.D. Fla. Oct. 10, 2019).[5]

Unlike in *Haymond*, Movant was not sentenced under § 3583(k), nor was he sentenced to a mandatory minimum sentence by the Court. Movant's initial judgment of conviction was for conspiracy to possess with intent to distribute marijuana under 18 U.S.C. § 846. [CR-ECF No. 48]. Movant's supervised release was revoked for committing the offense of conspiracy to distribute cocaine under 21 U.S.C. § 841. [ECF No. 19-1 at 5].

Specifically, at the Revocation of Supervised Final Hearing, the Court noted that Movant "violated the terms of his supervised release by failing to refrain from violation of the law and that on or about March 8, 2017, in Miami-Dade County, Florida, [Movant] committed the offense of conspiracy to distribute cocaine, contrary to Federal Statute 21 U.S.C. Section, 841, a Class A felony." [*Id.*]. Further, at the revocation hearing Movant admitted the violation [*Id.* at 3-5], and prior to the revocation hearing, on May 9, 2017, Movant pleaded guilty to conspiracy to distribute cocaine under 21 U.S.C. § 841, in Case No. 17-20217-CR-MORENO. *See United States v. Noesi*, Plea Agreement (S.D. Fla. May 9, 2017) [CR1-ECF No. 19]. As such, *Haymond* is inapplicable to Movant's case.

*Holguin-Hernandez* is also inapplicable to Movant's case. In *Holguin-Hernandez*, the Supreme Court held that defendant's argument for a specific sentence preserved his claim on

---

[5] *Haymond* did not invalidate § 3583(k) in its entirety. Rather, the Supreme Court held that, as it relates to revocation of supervised release, that "any increase in a defendant's authorized punishment contingent on the finding of a fact requires a jury and proof beyond a reasonable doubt no matter what the government chooses to call the exercise." *Haymond*, 139 S. Ct. at 2379.

appeal that revocation sentence was unreasonably long. 140 S. Ct. at 767. The Supreme Court did not address whether defendant's sentence was unreasonably long. *See id*.

Unlike in *Holguin-Hernandez*, Movant did not file a direct appeal of his revocation of supervised release, nor is Movant's filing in this case, a direct appeal. Instead, Movant is bringing this claim in a collateral § 2255 Motion to Vacate. Moreover, in accordance with *Teague v. Lane*, 489 U.S. 288, 310 (1989), *Holguin-Hernandez* does not appear to fit within *Teague's* narrow exception, and does not appear to be a right asserted by the Supreme Court that has been made retroactively applicable to cases on collateral review.

In summary, Movant's claims do not fall within the purview of § 2255(f)(3), and this § 2255 Motion is untimely unless he can establish statutory or equitable tolling under another theory.

   d) *§ 2255(f)(4)*

Movant does not argue nor does the record support a finding that he is entitled to statutory tolling under § 2255(f)(4).

   2) Equitable Tolling

Section 2255 is subject to equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). However, equitable tolling is only proper if the Movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th

Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory." (citation omitted)).

Here, Movant does not allege any facts which show that he was pursuing his rights diligently or that some extraordinary circumstances stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 649. Therefore, Movant has not met his burden to establish equitable tolling and the Court recommends that Movant's Motion be dismissed as untimely.

### IV. Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. As discussed above, "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). On this record, there is no basis to infer that Movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." R. 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that

8

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, in view of the entire record, the Undersigned denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the District Judge. *See* R. 11(a), Rules Governing § 2255 Proceedings ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

### VI. Recommendations

Based on the above, it is **RECOMMENDED**:

1. That Movant's § 2255 Motion [ECF No. 1] be **DISMISSED** as untimely;

2. That no certificate of appealability issue;

3. That judgment be entered for Respondent;

4. and the case **CLOSED**.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 23rd day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

**Jose Francisco Noesi**
57778-004
Coleman Medium
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521
PRO SE

United States of America
Represented by Noticing 2255 U.S. Attorney
**Lynn M. Kirkpatrick**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Lynn.Kirkpatrick@usdoj.gov